UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL A. COTRICH,

                        Plaintiff,

-vs-                                            Case No.  6:06-cv-1772-Orl-19JGG

R. JAMES NICHOLSON SECRETARY OF
VETERANS AFFAIRS, DEPARTMENT
OF VETERANS AFFAIRS,

                         Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

     This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **November 17, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.  It is further **RECOMMENDED** that the complaint be dismissed without prejudice as failing to state a claim and as frivolous.

     Plaintiff, Miguel A. Cotrich, has moved to proceed *in forma pauperis.*  Docket 2.  Cotrich

alleges that he enlisted in the United States Marine Corp., and served on active duty from February

2, 1975 to May 26, 1975.  Docket 1 at 3, Docket 1-2 at 6.  Cotrich applied to the Department of

Veterans Affairs ("VA") for disability benefits that were service connected.  Docket 1-2 at 6.

Cotrich's application was denied, and he appealed the decision to the Board of Veterans Appeals,

which upheld the determination on March 26, 1981.  Docket 1-2 at 3, 6.  Cotrich subsequently applied for a VA pension based on war-time service and total disability from non-service causes.  *Id.*  The VA's records showed that Cotrich was discharged on March 14, 1975, and the VA denied Cotrich's second application for benefits because Cotrich's length of service was less than the required 90 days.  *Id*.

Cotrich's complaint apparently sets forth six claims: 1.) Cotrich's official military file was destroyed so the VA created a new "C file" and someone signed the records on behalf of Cotrich.  Cotrich contends he was not given the opportunity to review the file, that the file contains inaccurate information and that his signature was falsified; 2.) Cotrich's DD-214 was altered to reflect an inaccurate date of separation from service, which resulted in the denial of benefits; 3.) the Board's refusal to consider his evidence regarding his correct separation date resulted in the continued denial of benefits; 4.) the continued denial of benefits resulted in financial hardship and impairment of his credit rating; 5.) the VA's declaration that Cotrich was dead was identity theft and contributed to his denial of benefits; 6.) the VA declared him fit for service prior to entering the United States Marine Corp, which proves his disability was related to his service.  Docket 1 at 5-6.  Cotrich requests damages in the amount of $30,000,000.  Docket 1 at 6.

Cotrich's complaint mirrors allegations that he has made in prior law suits.[1]  In *Cotrich v. Gibbart*, Case No. 6:05-cv-294-JA-KRS, Cotrich complained regarding the falsification of his "C file," alteration of his DD-214, the VA's declaration that he was dead, alleged identity theft, and the VA's declaring him fit for service prior to entering the Marine Corp.  Docket 1 at 2-3, Case No. 6:05-

---

[1] The Court takes judicial notice of Cotrich's prior law suits pursuant to Fed. R. Evid. 201.

cv-294-JA-KRS.  The Honorable Karla R. Spaulding recommended that the action be dismissed as

frivolous for failure to state a claim.  Docket 9, Case No. 6:05-cv-294-JA-KRS.  Judge Spaulding's

recommendation was based on the lack of any allegations against defendant Gibbart.  *Id*. at 3.  Cotrich

subsequently amended his complaint and identified Gibbart as the Veterans Service Center Manager

who works at the Department of Veterans Affairs' St. Petersburg Regional Office.  Docket 12 at 1,

Case No. 6:05-cv-294-JA-KRS.  The Honorable John Antoon II subsequently adopted Judge

Spaulding's recommendation and dismissed Cotrich's complaint.  Docket 14, Case No. 6:05-cv-294-

JA-KRS.

Cotrich also attempted to redress his claims against the VA in *Cotrich v. Ivers*,

6:94-cv-00287-PCF.[2]  In the *Ivers* case, Cotrich complained that VA doctors negligently performed

multiple surgeries upon him, rendering him completely disabled.  Docket 1 at 1, Case 6:94-cv-287-

PCF.  Cotrich also claimed that he had applied for compensation benefits, which were denied.  *Id*.

Cotrich asked the Court to reopen his disallowed claim and review its disposition.  *Id*.

The defendant moved to dismiss Cotrich's complaint.  Docket 14, Case 6:94-cv-287-PCF.  The

defendant argued that the Court lacked subject matter jurisdiction pursuant to 38 U.S.C. § 511(a) to

review the denial of veterans' benefits.  *Id*. at 2-4.  As to Cotrich's negligence claim, the defendant

argued that Cotrich had not exhausted his administrative remedies pursuant to the Federal Tort Claims

Act (FTCA) and the Court, therefore, lacked subject matter jurisdiction.  *Id*. at 6. The Court granted

the defendant's motion to dismiss the request for review of his denial of veteran's disability benefits.

Docket 21, Case 6:94-cv-287-PCF.  The Court subsequently dismissed Cotrich's FTCA claim, finding

---

[2] Cotrich identified Ivers as an Adjudication Officer with the Department of Veteran Affairs.  Docket 1 at 1, Case 6:94-cv-287-PCF.

-3-

that it lacked jurisdiction because Cotrich had presented his claim to the VA on January 20, 1989,

three years after the alleged negligence.  Docket 26 at 2, Case 6:94-cv-287-PCF.

## I.     THE LAW

### A.     The Statute and Local Rules Regarding Requests to Proceed In Forma Pauperis

The United States Congress has required that the district court review[3] a civil complaint filed

*in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim.

*See* 28 U.S.C. § 1915.  The mandatory language applies to all proceedings *in forma pauperis.*  The

statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that --
>> (A)  the allegation of poverty is untrue; or
>> (B)  the action or appeal --
>>> (i)  is frivolous or malicious;
>>> (ii) fails to state a claim on which relief
>>>      may be granted; or
>>> (iii)  seeks monetary relief against a
>>>       defendant who is immune from
>>>       such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[4]

The Local Rules of the United States District Court for the Middle District of Florida also

govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the

Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.

Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and

---

[3] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[4] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.  *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

**B.      Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[5]  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway into the federal courts.  *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

**C.      Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

1.      Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325-28

---

[5]At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2).  *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

(1989). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 *citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do

otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

2.   <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[6] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6)

---

[6]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

-- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324.

### D.    The Law Regarding Claims for Veterans' Benefits

In 1988, Congress enacted the Veterans Judicial Review Act ("VJRA"), codified in various sections of Title 38 of the United States Code. The VJRA established a procedural framework for the adjudication of claims regarding veterans benefits. In pertinent part, 38 U.S.C.§ 511(a) provides:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[7]

Once the Secretary has rendered a decision at the regional level, the claimant may appeal to the Board of Veterans Appeals, which either issues the final decision or remands the claim to the regional office for further development. 38 U.S.C. § 7104. Appeals to the Board must be "filed

---

[7] Subsection § 511(b) contains four exceptions to the lack of review of decisions by the Secretary, which are not applicable here. *See generally, Sugrue v. Derwinski*, 26 F.3d 8, 11 (2nd Cir. 1994)(discussing § 511(a) and the exceptions in subsection (b)).

within one year from the date of mailing of notice of the result of initial review or determination."

38 U.S.C. § 7105(b)(1). The Court of Appeals for Veterans Claims, an Article I court established by

Congress in the VJRA, has exclusive jurisdiction over appeals from final decisions by the Board.  38

U.S.C. § 7252(a).  The Court of Appeals for the Federal Circuit has exclusive jurisdiction to review

decisions by the Court of Appeals for Veterans Appeals.  38 U.S.C. § 7292.  The goals of this remedial

scheme are to ensure that VA benefit determinations will not burden the federal courts with litigation

and to "promote the adequacy and uniformity of complex veterans' benefits decisions." *Sugrue v.*

*Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994), *citing Johnson v. Robison*, 415 U.S. 361, 369-70 (1974).

A claimant cannot avoid this procedural framework by recasting the denial of his veterans'

benefits as a common law tort or some other claim.  In *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir.

1995), for instance, the court determined that § 511 precluded the plaintiff's state law tort claim for

intentional infliction of emotional distress because consideration of that claim would have involved

reviewing issues of law and fact pertaining to a decision to reduce the plaintiff's benefits.  Similarly,

in *Weaver v. United States*, 98 F.3d 518 (10th Cir. 1996), the plaintiff, in part, alleged conspiracy,

fraud and misrepresentation in connection with the denial of his VA benefits. The court held that those

claims were "in substance, nothing more than a challenge to the underlying benefits decision," and

thus precluded by § 511.  *Id*. at 520; *see also, Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532

(11th Cir. 1996) (VJRA controlled a challenge to a regulation regarding payment of VA benefits to

incarcerated veterans).

**E.      The Law Regarding Correction of Military Records**

The Secretary of a military department may correct any military record of the Secretary's

department through boards established by the Secretary when it is "necessary to correct an error or

remove an injustice." 10 U.S.C. § 1552(a)(1).  Generally, requests for correction of a military record must be made within three years after the error is discovered.  10 U.S.C. § 1552(b).  The board may excuse compliance with the three year limitation if it finds it would be in the interests of justice.  *Id*.

Corrections under this section must be made in accordance with the procedures established by the Secretary concerned.  10 U.S.C. § 1552 (a)(3).  The Marine Corp is not a separate branch of the service, but is part of the Navy and is subject to the laws and regulations of the Navy.  *Ex parte Drainer*, 65 F. Supp. 410, 412 (N.D. Cal. 1946).  The Secretary of the Navy has established a Board for Correction of Naval Records ("BCNR") and regulations for proceeding before the BCNR.  *See* 32 C.F.R. §§ 723.1-723.11.  Board for Correction decisions are subject to judicial review and can be set aside if they are "arbitrary, capricious or not based on substantial evidence."  *Chappell v. Wallace*, 462 U.S. 296, 303 (1983).

Generally, administrative remedies must be exhausted before a denial of corrective action by the Board for Correction can be reviewed in federal court.  *See, Von Hoffburg v. Alexander,* 615 F.2d 633, 637 (5th Cir. 1980); *Ballenger v. Marsh*, 708 F.2d 349, 350-51 (8th Cir. 1983).  Complaints seeking review in the federal courts must be filed within six years of the final decision by the military board.  *See,* 708. F.2d 351 n.4, citing 28 U.S.C. § 2401.[8]

## II.   APPLICATION

### A.   Subject Matter Jurisdiction

This Court can conduct a plenary review of subject matter jurisdiction *sua sponte*.  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir. 1997).  Cotrich's complaint centers primarily

---

[8] 28 U.S.C. § 2401(a) provides "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. . . ."

on the denial of his veterans' disability benefits.  To the extent Cotrich seeks to appeal the denial of

his veterans' benefits, this Court lacks jurisdiction over this claim.  38 U.S.C.§ 511(a).  The Court

previously adjudicated this claim in the *Ivers* case, and the *res judicata* doctrine prohibits Cotrich from

relitigating his claim.  *See, Christo v. Padgett*, 223 F.3d 1324, 1338 n.46 (11th Cir. 2000).[9]

In addition to the denial of benefits, Cotrich also complains regarding the accuracy of his

military records and he references actions by the BCNR.  Docket 1 at 5.  Construing Cotrich's

complaint liberally as a challenge to BCNR's decision, the Court would have jurisdiction over such

a claim.

### B.  Failure to State a Claim

Although the Court may have jurisdiction over Cotrich's claim regarding the BCNR's

decision, he has sued the wrong party.  The BCNR falls under the direction of the Secretary of the

Navy, not the Secretary of Veterans Affairs.  10 U.S.C. § 1552(a)(1).  *See also, Evans v. Marsh*, 835

F.2d 609, 612 (5th Cir. 1988) (discussing the fundamental distinction in the tasks performed by the

VA and the Boards for Correction).  The complaint, therefore, fails to state a claim and should be

dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

### C. The Complaint is Frivolous

Not only has Cotrich sued the wrong party, his complaint fails to establish that he has

exhausted his administrative remedies or that he has timely filed suit in this Court.  Indeed, it appears

Cotrich's complaint is untimely.  Cotrich alleges that it was during a proceeding before Judge Fawsett

---

[9] Although Cotrich ostensibly names different defendants in the *Ivers* case and the present action, both Ivers and Nicholson were sued in their official capacity as representatives of the VA.  The true defendant, the United States, is the same in both actions.  *Cf.,* 28 U.S.C. § 2679(d).  Even if Ivers and Nicholson were determined to be different defendants, the collateral estoppel doctrine would bar Cotrich from relitigating this claim.  *See, Christo,* 223 F.3d at 1338.

that he learned that his military records were inaccurate.  Docket 1 at 5.  Although Cotrich does not specify which action he is referencing, it is apparent that he is referring to the *Ivers* case.  Judge Fawsett granted summary judgment in Defendant's favor on September 28, 1994.  Docket 26, Case No. 6:94-cv-00287-PCF.  It is axiomatic that any knowledge that Cotrich obtained through the *Ivers* case was obtained before the case was dismissed.[10]  Cotrich, therefore, had three years from the date of learning of the inaccuracy to present his request for correction to the BCNR.  Following the BCNR's decision, Cotrich had six years to file his case in district court to review that decision.  Cotrich's complaint in this case was filed on November 17, 2006, which is more than twelve years after the *Ivers* case was dismissed.  Even assuming the BCNR took a couple of years to rule on Cotrich's request, it is probable that Cotrich's complaint is untimely.

Cotrich's chances of ultimate success are slight.  Under the circumstances, it is appropriate for the Court to dismiss his suit without prejudice.  This would allow Cotrich to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate a claim over which this Court has jurisdiction (*e.g.*, facts establishing that Cotrich has exhausted his administrative remedies before the BCNR and the timeliness of his action).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   That the motion to proceed *in forma pauperis* be denied as frivolous;

2.   That the complaint be dismissed without prejudice for failing to state a claim and as frivolous;

3.   The Clerk be directed to close the case.

---

[10] It is probable that Cotrich learned the relevant facts within a few days after Ivers filed his motion to dismiss on July 21, 1994.  Docket 14, Case No. 6:94-cv-00287-PCF.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 6, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Unrepresented Party