**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIGUEL A. COTRICH,**

                    **Plaintiff,**

-vs-                                        **Case No.  6:06-cv-1772-Orl-19JGG**

**R. JAMES NICHOLSON,**
**DEPARTMENT OF VETERANS**
**AFFAIRS,**

                    **Defendants.**

_____

## ORDER

This case comes before the Court on the following:

1.      The Report and Recommendation of the United States Magistrate Judge on Plaintiff Miquel A. Cotrich's Application to Proceed *In Forma Pauperis*.  (Doc. No. 8, filed Dec. 6, 2006); and

2.      Plaintiff Miquel A. Cotrich's Filing a Motion in this Case.  (Doc. No. 9, filed Dec. 11, 2006).

**Background**

Plaintiff, Miguel A. Cotrich, moved to proceed *in forma pauperis*. (Doc. No. 2).  Plaintiff served on active duty in the United States Marine Corps from February 2, 1975 to May 26, 1975. (Doc. No. 1, p. 3).  Plaintiff alleges he applied for service related disability benefits with the Department of Veterans Affairs ("VA"), but his application was denied, and the denial was upheld on appeal.  (*See* Doc. No. 1-2, pp. 3, 4, 6).  Plaintiff alleges he later applied for a VA pension based on non-service related disabilities, but his application was denied because the VA records erroneously indicated that he had served less than the 90 days required to receive benefits.  (Doc.

No. 1-2, p. 4).   In the current action, the Magistrate Judge accurately summarized Plaintiff's six claims as follows:

> 1.) Cotrich's official military file was destroyed so the VA created a new "C file" and someone signed the records on behalf of Cotrich. Cotrich contends he was not given the opportunity to review the file, that the file contains inaccurate information and that his signature was falsified; 2.) Cotrich's DD-214 was altered to reflect an inaccurate date of separation from service, which resulted in the denial of benefits; 3.) the Board's refusal to consider his evidence regarding his correct separation date resulted in the continued denial of benefits; 4.) the continued denial of benefits resulted in financial hardship and impairment of his credit rating; 5.) the VA's declaration that Cotrich was dead was identity theft and contributed to his denial of benefits; 6.) the VA declared him fit for service prior to entering the United States Marine Corp, which proves his disability was related to his service.

(Doc. No. 8, p. 2 citing Doc. No. 1, pp. 5-6).   The Magistrate Judge conducted a thorough analysis of the law regarding veterans benefits and the correction of military records and  issued a Report and Recommendation that Plaintiff's claims be dismissed without prejudice because (1) the Court does not have jurisdiction to adjudicate issues concerning the denial of veterans benefits under 38 U.S.C. § 511; (2) Plaintiff's claim is barred by *res judicata* because the Court previously adjudicated the Plaintiff's claim for veterans benefits;  (3) Plaintiff has sued the wrong party in his claim regarding the Board's failure to correct his records because The Board of Corrections of Naval Records is supervised by the Secretary of the Navy, not the Secretary of Veterans Affairs; and (4) the Complaint does not indicate Plaintiff has exhausted his administrative remedies and is untimely. (Doc. No. 8, pp. 2-3, 9-13).

### Standard of Review

Pursuant to 28 U.S.C. § 1915, the District Courts are required to conduct an initial screening of civil complaints filed *in forma pauperis*.   The District Court is authorized to "dismiss the case if the court determines that . . . the action or appeal is (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a motion is delegated to a Magistrate Judge under 28 U.S.C. § 636(b), the Magistrate Judge is required to submit a report to the District Court and parties. If a party files written objections to the Magistrate Judge's Report and Recommendation, the District Court reviews the portions of the report to which objections are made *de novo*. *Id.* The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## Analysis

This Court has no jurisdiction to review the denial of veterans benefits. *See* 38 U.S.C. § 511(a). Moreover, the Court does not have subject matter jurisdiction to review fraud claims when "[t]hey are, in substance, nothing more than a challenge to the underlying benefits decision." *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). *See also* 38 U.S.C. § 511(a). When a veteran seeks to challenge the denial of benefits, he must seek review as proscribed by the Veterans Judicial Review Act. All benefits decisions are subject to one appellate review by the Secretary of Veterans Affairs. 38 U.S.C. § 7104. After the Secretary's final decision, the veteran may appeal to the Board of Veterans Appeals. *Id.* The Court of Appeals for Veterans Claims has exclusive jurisdiction to review the decisions of the Board of Veterans Claims. 38 U.S.C. § 7252. Under limited circumstances, the United States Court of Appeals for the Federal Circuit has jurisdiction to review the decision of the Court of Appeals for Veterans Claims. 38 U.S.C. § 7292. Because the statute does not provide for review by a District Court, this Court is without jurisdiction to review the denial of Plaintiff's benefits.

While Plaintiff's third, fourth and sixth allegations seek to directly challenge the denial of his benefits, (*See* Doc. No. 1, pp. 5-6), Plaintiff's first and second claims are essentially allegations that the VA fraudulently altered his military records, and because of the inaccuracies on his records, he was denied benefits. (Doc. No. 1, p. 5, ¶¶ 1,2). Merely re-characterizing a challenge to a benefits decision as a fraud claim does not create subject matter jurisdiction in the District Court. Consequently, this Court is without jurisdiction to review these claims.[1]

The District Court does have jurisdiction to review the Board of Corrections of Naval Record's ("BCNR") decision not to correct service records if the Board's decision is arbitrary, capricious, not supported by substantial evidence, or legally flawed. *Evans v. Marsh,* 835 F.2d 609, 612 (5th Cir. 1988); *Hodges v. Callaway*, 499 F.2d 417, 423 (5th Cir. 1974). In order to seek judicial review, a veteran must exhaust his administrative remedies. *Hodges,* 499 F.2d at 421-22. A veteran seeking to obtain correction of naval records must follow the procedures set out in 10 U.S.C. § 1558 and 32 C.F.R. § 723.1 *et. seq.* Although District Court review is appropriate in certain circumstances, the facts of the Complaint indicate that the Court does not have such subject matter jurisdiction in the instant case.

Foremost, Plaintiff has sued the incorrect party. The BCNR is not a party to this case because it is not subject to the control of the Secretary of Veterans Affairs. *See* 10 U.S.C. § 1552(a)(1); *Evans*, 835 F.2d at 612 (discussing the differences in the tasks performed by the VA and

---

[1]      Even if the Court did have subject matter jurisdiction to review the denial of benefits, Plaintiff alleges that his case is pending before the Court of Appeals. (Doc. No. 9, p. 2, ¶¶ 6, 8). Thus, Plaintiff has not exhausted his statutory remedies and must continue with the statutorily proscribed review process.

the boards of corrections).   Even if the BCNR was a party to the case, the facts of the Complaint

do not indicate that Plaintiff has exhausted his administrative remedies.  (*See* Doc. No. 1).

Furthermore, even if the BCNR was a named party and Plaintiff had exhausted all of his

administrative remedies, the allegations in the Complaint indicate that Plaintiff's case is most likely

untimely filed.  While a veteran may bring a claim to correct his military records, he must file a

request for the correction within three years of the date he discovers the error or injustice. 10 U.S.C.

§ 1552(b).  The board of corrections may extend the three year time limit when it is in the "interests

of justice." *Id.*  However, the party seeking review must assert facts showing it is "in the interests

of justice" to waive the time requirements.  *Evans*, 835 F.2d at 613.  A veteran requesting District

Court review of the Board's decision must do so within six years of that decision.  28 U.S.C. §

2401(a).

Plaintiff alleges his C-file was destroyed and fraudulently re-created in the 1980s.  (Doc. No.

9, p. 2, ¶ 7).  Plaintiff alleges that he learned of the inaccuracies in his record in a proceeding before

the undersigned.  (Doc. No. 1, p. 3, p. 5, ¶ 2; Doc. No. 9, p. 2, ¶ 6).  Plaintiff has been involved in

three cases before the undersigned, but the only suit involving the VA occurred in 1994.[2]  *See*

*Cotrich v. Ivers,* 6:94-cv-00287-PCF, filed Mar. 10, 1994.  It is evident that Plaintiff is referring to

the *Ivers* case because he includes a portion of the docket sheet in his Complaint.  (Doc. No. 1-2,

p. 5).  Under 28 U.S.C. § 1915, the Court may dismiss a Plaintiff's allegations as frivolous if it is

clear from the face of the complaint that an affirmative defense would bar the action.  Because

---

[2]      The Court takes judicial notice of Plaintiff's previous cases and their docket entries.
Fed. R. Evid. 201.  The Court is taking judicial notice of the existence of the proceedings and the
documents filed, but not the facts contained in those documents. *United States v. Jones*, 29 F.3d
1549, 1553 (11th Cir. 1994).

Plaintiff's allegation is in effect that he discovered the errors over twelve years ago, the Complaint and its attachments indicate that his claim is barred by the statute of limitations.

In his fifth allegation, Plaintiff alleges that the VA committed identity theft in violation of his rights under United States Constitution because the VA informed his wife he was dead.[3] Plaintiff's allegations of identity theft do not indicate which of his constitutional rights were violated.  The Court is unaware of any Constitutional provision, or case law construing the Federal Constitution, that recognizes a claim for identity theft.  Accordingly Plaintiff has failed to state a claim for identity theft.

The Magistrate Judge took judicial notice of the Plaintiff's previous cases and included a section in the Report and Recommendation discussing the *Ivers* case, ultimately reasoning that *res judicata* was an alternative ground on which to dismiss Plaintiff's claims for benefits.  (*See* Doc. No. 8, pp. 2-4, 12).  Federal Rule of Evidence 201 allows courts to take judicial notice of certain facts. While the Court "may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation," the Court may not take judicial notice of the documents to establish the truth of the matters asserted therein. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted).  In his Complaint, Plaintiff referenced the *Ivers* case. (*See* Doc. No. 1, pp. 3, 5; Doc. No. 1-2, p. 5).   Therefore, the Court may take judicial notice of the existence of *Ivers*, but not the contents of the Plaintiff's pleadings or any motions filed in such case.  Accordingly, the Court declines to adopt the Magistrate Judge's conclusion at this juncture in the proceedings that *res judicata* applies.

---

[3]     Plaintiff alleges that the VA's identity theft contributed to the denial of his benefits. (Doc. No. 1, p. 5).  As previously noted, the Court lacks subject matter jurisdiction to review the denial of Plaintiff's benefits.  38 U.S.C. § 511(a).

**Conclusion**

Based on the foregoing, the Court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge (Doc. No. 8) and **OVERRULES** Plaintiff's Objections (Doc. No. 9). Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is denied, and Plaintiff's Complaint (Doc. No. 1) is dismissed without prejudice.  Plaintiff has leave to file an Amended Complaint which comports with this Order within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 19, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party